17-2979-cr
*United States v. John Rivera*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand eighteen.

PRESENT:
>    ROBERT D. SACK,
>    REENA RAGGI,
>    DENNY CHIN,
>        *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
>        *Appellee,*

>    v.                                                    17-2979-cr

JOHN RIVERA,
>        *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                        RYAN C. HARRIS, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:        DARRELL FIELDS, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant John Rivera appeals the district court's sentence entered September 25, 2017.  After pleading guilty to a three-count indictment of Hobbs Act robbery on January 20, 2017, Rivera was sentenced to 120 months' imprisonment.  Because Rivera had previously been convicted in New York of second-degree robbery and attempted second-degree robbery, and in North Carolina of "Robbery with a Dangerous Weapon," Rivera was given a "career offender" designation pursuant to § 4B1.1(b)(3) of the November 1, 2016, edition of the sentencing guidelines (the "Guidelines").  Without the career offender designation, Rivera's total offense level would have been 25 and his criminal history level would have been IV, for a Guideline range of 84 to 105 months.  With the designation, Rivera's total offense level was 29 and his criminal history category was VI, for a Guideline range of 151 to 188 months.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

- 2 -

Rivera initially argued that we should vacate his sentence because the district court improperly applied a career offender designation under Guidelines § 4B1.1(b)(3), which led to a Guideline range of 151 to 188 months' imprisonment rather than 84 to 105 months' imprisonment. Rivera argued that his New York second-degree robbery and attempted second-degree robbery convictions could not properly be considered "crimes of violence" for purposes of determining career offender status under the Guidelines. Rivera's argument, however, is foreclosed by this Court's recent decision in *United States v. Pereira-Gomez*, which held that all degrees of New York robbery and attempted robbery qualify as crimes of violence under an identically worded provision of the November 1, 2014, edition of the Guidelines. 903 F.3d 155, 166 (2d Cir. 2018); *compare* Application Note 1(B)(iii) of § 2L1.2 of the November 2014 Guidelines (defining a crime of violence to include any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* § 4B1.2(a) of the November 2016 Guidelines (defining a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

We note that at the time of Rivera's appeal and oral argument, our decision in *Pereira-Gomez* had not yet been rendered. In a supplemental brief to this Court following our decision in *Pereira-Gomez*, Rivera concedes that "[a]lthough *Pereira-Gomez* involved a different provision of the Guidelines than the one at issue here . . . ,

the 'force clause' language of both Guideline provisions is the same" and that, therefore, "[t]here does not appear . . . to be a basis to argue that the analysis in *Pereira-Gomez* is inapplicable here." Dkt. No. 67, at 3.

We have considered Rivera's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk