*U.S. v. Knight*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand nineteen.**

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> DENNY CHIN,
> > *Circuit Judge*,
> JEFFREY A. MEYER,
> > *District Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                 No. 17-2924

ANTOINE KNIGHT,

> *Defendant-Appellant*.

---

For Defendant-Appellant:                Matthew B. Larsen, Assistant Federal Public
                                        Defender, Federal Defenders of New York,
                                        Inc., New York, NY.

---

* Judge Jeffrey A. Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

1

For Appellee:                                          Susan Corkery, John A. McConnell, Assistant
                                                               United States Attorneys, *for* Richard P.
                                                               Donoghue, United States Attorney for the
                                                               Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Antoine Knight appeals from a judgment entered September 20, 2017 convicting him, following a plea of guilty, of one count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Knight principally to a term of 80 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Knight argues that we should vacate his sentence because the district court improperly applied a 10-level enhancement under § 2K2.1(a) of the November 2016 edition of the U.S. Sentencing Guidelines ("Guidelines"). According to Knight, the 10-level enhancement was improper because neither third-degree New York robbery nor second-degree New York robbery that "causes physical injury" is a "crime of violence" under § 4B1.2(a) of the Guidelines. But Knight's argument is foreclosed by this Court's recent decision in *United States v. Pereira-Gomez*, which stated that all degrees of New York robbery and attempted robbery qualify as crimes of violence under an identically-worded provision of the November 1, 2014 edition of the Guidelines, *see* 903 F.3d 155, 166 (2d Cir. 2018); *compare* Application Note 1(B)(iii) of § 2L1.2 of the November 2014 U.S. Sentencing Guidelines (defining a crime of violence to include any state law offense that "has as an element the use, attempted use, or threatened use of physical

2

force against the person of another"), *with* § 4B1.2(a) of the November 2016 U.S. Sentencing Guidelines (defining a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

We have considered Knight's remaining contentions on appeal and have found in them no basis for vacatur. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk