*Coleman v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand nineteen.**

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> AMALYA L. KEARSE,
> *Circuit Judge*,
> JEFFREY A. MEYER,
> *District Judge*.*

---

TAJIE COLEMAN,

> *Petitioner-Appellant*,

v.                                                             No. 17-2189

UNITED STATES OF AMERICA,

> *Respondent-Appellee*.

---

For Petitioner-Appellant:                 Daniel Habib, Of Counsel, Federal Defenders
                                          of New York, Inc., New York, NY.

---

* Judge Jeffrey A. Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

For Respondent-Appellee:    Elinor L. Tarlow, Karl Metzner, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Tajie Coleman appeals from an order entered on May 3, 2017, denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Coleman is currently serving a fifteen-year mandatory minimum sentence based on three prior New York state convictions for robbery in the third degree, attempted robbery in the second degree, and attempted robbery in the third degree, which the district court determined all qualified as violent felony convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Coleman argues that this Court should vacate his sentence because the force sufficient to establish the New York robbery crimes of which he was convicted falls well short of the "*violent* force . . . capable of causing physical pain or injury" required to satisfy ACCA's elements clause. *Johnson v. United States*, 559 U.S. 133, 140 (2010). Coleman has conceded, however, that his argument is foreclosed by this Court's recent decision in *United States v. Pereira-Gomez*, which stated that all degrees of New York robbery and attempted robbery qualify as crimes of violence under the November 1, 2014 edition of the U.S. Sentencing Guidelines, *see* 903 F.3d 155, 166 (2d Cir. 2018). That Guideline and ACCA use identical language to describe the violence component. *Compare* 18 U.S.C. § 924(e)(2)(B) (defining a

2

violent felony as any crime punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another") *with* Application Note 1(B)(iii) of Section 2L1.2 of the November 2014 U.S. Sentencing Guidelines (defining a crime of violence to include any state law offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

We have considered all of petitioner's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the order of the district court denying petitioner's motion to vacate his sentence is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
