*United States v. Santos*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of January, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
PETER W. HALL,
GERARD E. LYNCH,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                          No. 18-326

PIERRE SANTOS, aka COREY SANTIAGO, aka COREY SANTOS, aka CORY SANTOS,

*Defendant-Appellant*.

---

For Defendant-Appellant:                    EDWARD S. ZAS, Of Counsel, Federal
                                            Defenders of New York, Inc., New York, NY.


For Appellee:                               SUSAN CORKERY and J. MATTHEW HAGGANS,
                                            Assistant United States Attorneys, *for* Richard

1

P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED** in part, the sentence is **VACATED,** and the case is **REMANDED** for resentencing.

Pierre Santos appeals from a judgment of conviction entered on January 31, 2018 by the United States District Court for the Eastern District of New York (Kuntz, *J.*) sentencing him principally to a term of 70 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Santos argues that we should vacate his sentence because the district court improperly applied a 10-level base level enhancement under § 2K2.1 of the November 2016 edition of the United States Sentencing Guidelines ("Guidelines"). According to Santos, the enhancement was improper because his prior New York State convictions for criminal possession of a controlled substance do not constitute "controlled substance offenses" under the Guidelines, and because his New York State conviction for attempted robbery in the third degree is not a "crime of violence" under the Guidelines.

As the government acknowledges, Santos' first argument has been decided in his favor by this Court's recent decision in *United States v. Townsend*, which held that a "controlled substance" for the purposes of the Guidelines refers exclusively to substances controlled by the Controlled Substances Act. 897 F.3d 66, 71 (2d Cir. 2018). As the New York State drug schedule included drugs not covered by that Act at the time of Santos' convictions, *see* N.Y. Pub. Health Law § 3306, Schedule III(7)(g) (2006); *see also* N.Y. Penal Law § 220.06(1) (2006); *id.* §

2

220.00(5) (2006), those convictions cannot serve as predicate offenses under § 2K2.1, *see Townsend*, 897 F.3d at 74. Thus, Santos is entitled to resentencing.

Santos' second argument, however, is foreclosed by this Court's decision in *United States v. Pereira-Gomez*, which held that all degrees of New York robbery and attempted robbery qualify as crimes of violence under an identically worded provision of the November 1, 2014 edition of the Guidelines. 903 F.3d 155, 166 (2d Cir. 2018). *Compare* U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii) (2014) (defining a crime of violence to include any state law offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* U.S.S.G. § 4B1.2(a)(1) (2016) (defining a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). *Periera-Gomez* also squarely held that *attempted* robbery under New York law is a crime of violence under the force requirement of the Guidelines. 903 F.3d at 166.

Accordingly, the judgment of the district court is **REVERSED** in part, the sentence is **VACATED,** and the case is **REMANDED** for resentencing.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3