Brown v. United States

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand nineteen.

PRESENT:

GERARD E. LYNCH,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
            *Circuit Judges*,

_____

ACESHUNN BROWN,

            *Petitioner-Appellee*,

            v.                                                              No. 17-1943

UNITED STATES OF AMERICA,

            *Respondent-Appellant.*

_____

FOR APPELLANT:              DAVID K. KESSLER (Amy Busa, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR APPELLEE:               ELIZABETH E. MACEDONIO, Esq., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the grant of the 28 U.S.C. § 2255 motion is **REVERSED**, the amended judgment entered on June 1, 2017, is **VACATED**, and the cause **REMANDED** for the District Court to reinstate the original sentence.

The government appeals from an order entered on May 31, 2017, and amended judgment entered on June 1, 2017, that (1) granted Aceshunn Brown's second and successive motion under 28 U.S.C. § 2255, (2) reduced his sentence from the mandatory minimum of 180 months to time served, and (3) ordered his immediate release from prison. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to reverse the District Court's grant of Brown's § 2255 motion, vacate the amended judgment, and remand the cause for the District Court to reinstate Brown's original sentence.

The government argues that the District Court erred in concluding that Brown's two prior convictions for the New York offense of attempted second-degree robbery, in violation of New York Penal Law §§ 160.10 and 110, did not qualify as "violent felon[ies]" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We review de novo the District Court's ruling on this question. *See United States v. Brown*, 629 F.3d 290, 294 (2d Cir. 2011) (per curiam).

The recent Supreme Court decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), and our recent decisions in *United States v. Thrower*, -- F.3d --, 2019 WL 385652 (2d Cir. Jan. 31, 2019) (per curiam), and *United States v. Pereira-Gomez*, 903 F.3d 155 (2d Cir. 2018), resolve this case in the government's favor. In *Stokeling*, the Supreme Court held that the "the term 'physical force' in the ACCA encompasses the degree of force necessary to commit common-law robbery"—it is "the amount of force necessary to overcome a victim's resistance." 139 S. Ct. at 555. In *Thrower*, we held that New York robbery in the first and third degrees, "which like every degree of robbery in New York require[] the common law

element of 'forcible stealing,'" are "violent felon[ies]" under the ACCA. 2019 WL 385652, at *4. We further held in *Pereira-Gomez* that *all* degrees of New York robbery, including attempted robbery, qualify as "crimes of violence" under the 2014 Sentencing Guidelines' nearly identical force clause. 903 F.3d at 166; *compare* U.S.S.G. § 2L1.2, cmt. n.1(b)(iii) (2014), *with* 18 U.S.C. § 924(e)(2)(B)(i).

In light of these decisions, it is evident that Brown's prior convictions under New York law for attempted second-degree robbery qualify as violent felonies under the ACCA.[1] Accordingly, the District Court erred in granting Brown's § 2255 motion and reducing his sentence to time served.

\* \* \*

We therefore REVERSE the District Court's grant of Brown's § 2255 motion, VACATE the amended judgment, and REMAND the cause for the District Court to reinstate Brown's original sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In light of this disposition, we do not reach the government's arguments that Brown's claim for relief under § 2255 is procedurally barred.