17-1525 (Con)
United States v. Canteen

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2019

(Argued: September 3, 2019          Decided: December 19, 2019)

Docket Nos. 17-1188-cr(L), 17-1525-cr(CON), 17-1563-cr(CON), 17-2384-
cr(CON), 17-2544-cr(CON), 17-3227-cr(CON)

————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

MICHAEL BROWN, COREY CANTEEN, KERRY VANDERPOOL, WILLIAM
BRACEY, WENDELL BELLE, JASON MOYE,

*Defendants-Appellants*.[*]

————————————————————

Before:

WALKER, LOHIER, and CARNEY, *Circuit Judges*.

In this appeal, we principally consider whether the United States District Court for the Southern District of New York (Caproni, J.) erred in applying the career offender enhancement under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1, to a defendant convicted of racketeering conspiracy based on underlying predicate acts of racketeering that qualify as crimes of violence under U.S.S.G. § 4B1.2. We hold that it is not error to do so and accordingly **AFFIRM** the judgment of conviction entered by the District Court with respect to Corey Canteen. In a separate summary order filed

---

[*] The Clerk of Court is directed to amend the official caption to conform with the above.

simultaneously with this opinion, we dispose of the consolidated appeals of Canteen's co-defendants-appellants.

BENJAMIN GRUENSTEIN, Cravath, Swaine & Moore LLP, New York, NY, *for Defendant-Appellant* Corey Canteen.

GINA M. CASTELLANO, Assistant United States Attorney (Samson A. Enzer, Andrew C. Adams, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Appellee* United States of America.

PER CURIAM:

Corey Canteen appeals from a judgment of the United States District Court for the Southern District of New York (Caproni, J.) sentencing him principally to a term of imprisonment of 151 months. Canteen's appeal centers on the application of the career offender enhancement at sentencing under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. Canteen claims that the District Court erred in applying the 2015 Guidelines Manual (the "2015 Guidelines") and should instead have used the 2016 Guidelines Manual (the "2016 Guidelines"), under which his conviction for federal racketeering conspiracy would not have triggered the career offender enhancement, resulting in a lower Guidelines range. As we explain below, even assuming Canteen preserved his argument that the 2016 Guidelines

2

should have been used, the District Court did not err in concluding that Canteen's conviction for federal racketeering conspiracy based on the predicate acts of racketeering is a crime of violence under § 4B1.1 of the 2016 Guidelines. Canteen separately argues that the District Court erred in finding that he was a career offender under the 2015 Guidelines based on prior New York state robbery convictions involving crimes of violence. But Canteen's prior New York state robbery convictions are clearly crimes of violence under the 2015 Guidelines. We therefore affirm. In a separate summary order filed simultaneously with this opinion, we dispose of the consolidated appeals of Canteen's co-defendants-appellants.

**BACKGROUND**

This appeal arises from a multi-defendant prosecution of members of the "Young Gunnaz" or "YGz" street gang, operating in the Bronx, New York. Canteen, a YGz "associate," pleaded guilty to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). In pleading guilty, Canteen admitted that he committed five bank robberies with YGz members between August 2015 and January 2016. A written plea agreement set forth the terms of Canteen's plea, including that Canteen and the Government disagreed

3

about the application of the career offender enhancement under § 4B1.1 of the Guidelines.[1]  That enhancement applies if the offense of conviction and two prior convictions qualify as felony crimes of violence or drug offenses as defined by § 4B1.2 of the Guidelines.[2]  The plea agreement also stipulated that "[t]he Guidelines Manual in effect as of November 1, 2015 applies."  App'x 30.

At sentencing, the District Court concluded that Canteen's prior New York state robbery convictions counted as crimes of violence under the career

---

[1] Section 4B1.1 provides in relevant part:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (2015).

[2] Section 4B1.2 provides in relevant part:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 (2015).

offender provisions. It relied in part on its earlier ruling that the charged racketeering conspiracy was a crime of violence under either the elements clause or residual clause of 18 U.S.C. § 924(c)(3), depending on the underlying predicate acts of racketeering. Applying the November 2015 Guidelines as Canteen urged in his sentencing submission, the District Court determined that Canteen qualified as a career offender for purposes of U.S.S.G. §§ 4B1.1 and 4B1.2, that his criminal history category was VI, and that his Guidelines sentencing range was 151 to 188 months' imprisonment, as contemplated by the Government's proposed calculation set forth in the parties' plea agreement. As noted, Canteen was sentenced to 151 months' imprisonment. This appeal followed.

**DISCUSSION**

On appeal, Canteen challenges his sentence on two grounds. First, he insists that the District Court was wrong to apply the 2015 instead of the 2016 Guidelines during sentencing.[3] Second, he attacks the District Court's determination that the racketeering conspiracy conviction as well as his prior

---

[3] "A sentencing court typically applies the Guidelines Manual in place at the time of sentencing . . . ." United States v. Pereira-Gomez, 903 F.3d 155, 160 n.6 (2d Cir. 2018).

state robberies constitute crimes of violence triggering the career offender enhancement under § 4B1.1.

There is no need to wrestle with the first argument that the District Court should have applied the 2016 Guidelines. Even assuming that Canteen did not waive that argument by urging the District Court to apply the 2015 Guidelines, we would reject it on the merits. The 2015 Guidelines defined "crime of violence" as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 (2015). The 2016 Guidelines contain an identical "force clause," § 4B1.2(a)(1) (2016), and replace the second sub-section with a list of enumerated offenses that includes robbery. § 4B1.2(a)(2) (2016). In addressing Canteen's additional arguments, we conclude that the same career offender enhancement would apply under the 2015 and 2016 Guidelines alike. Accordingly, Canteen cannot show that application of the 2015 Guidelines

6

rather than the 2016 Guidelines constituted plain error affecting his substantial rights. See United States v. Marcus, 560 U.S. 258, 262 (2010).

We now turn to Canteen's challenge to the District Court's decision to apply the career offender enhancement based on his conviction for racketeering conspiracy. When we review a district court's calculation of the Guidelines sentencing range, we "apply a de novo standard to legal conclusions and . . . accept the sentencing court's factual findings unless they are clearly erroneous." United States v. Pereira-Gomez, 903 F.3d 155, 161 (2d Cir. 2018) (quotation marks omitted). Preserved errors in calculating the Guidelines are subject to harmless error review. Fed. R. Crim. P. 52(a). If the error results in an incorrect sentencing range, however, "the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error," even if the ultimate sentence imposed "falls within both the correct and incorrect range." Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016).

Canteen argues that racketeering conspiracy is not a crime of violence under the 2016 Guidelines because racketeering, the object of the charged conspiracy, is not included in the list of enumerated offenses in § 4B1.2(a)(2)

7

of the 2016 Guidelines that replaced the residual clause in the 2015

Guidelines.  Even assuming that the 2016 Guidelines applied, Canteen would

not prevail.  Although we have not previously addressed the precise question

presented by Canteen's challenge in the context of the career offender

provision, adopting his argument would not square with our approach in

analogous statutory contexts or with the general approach of the Guidelines.

For example, we have reasoned that "[b]ecause racketeering offenses hinge on

the predicate offenses comprising the pattern of racketeering activity, we look

to the predicate offenses to determine whether a crime of violence is

charged."  United States v. Ivezaj, 568 F.3d 88, 96 (2d Cir. 2009).  The

Guidelines provisions for racketeering activity contemplate the same

approach.  Sections 2E1.1, 2E1.2, and 2E1.3 of the 2016 Guidelines instruct

district courts to use the more serious underlying predicate offense for a

racketeering crime in order to calculate the applicable offense level.  See

U.S.S.G. §§ 2E1.1–2E1.3 (2016).  Because Canteen offers no persuasive reason

to deviate from this approach, we conclude that the District Court did not err

in determining that the career offender enhancement would apply to

Canteen's racketeering conspiracy conviction based on the predicate acts of

bank robbery. See Ivezaj, 568 F.3d at 96; cf. United States v. Davis, 139 S. Ct. 2319, 2327 (2019).

We turn next to Canteen's argument on appeal that his New York state robbery convictions are not crimes of violence under the 2015 Guidelines. Our caselaw forecloses that argument. In United States v. Moore, 916 F.3d 231 (2d Cir. 2019), we held that New York robbery in the third degree is a crime of violence under the elements (or "force") clause of § 4B1.2(a)(1). Id. at 240. And in Pereira-Gomez, we held that "under New York law, . . . robbery in any degree is a crime of violence" under § 2L1.2 of the Guidelines, which relies on the same relevant definition of "crime of violence" used in § 4B1.2(a)(1). See 903 F.3d at 166 (discussing U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2014)). We therefore find no error in the District Court's conclusion that Canteen's prior state convictions for robbery in the second and third degree were crimes of violence.

**CONCLUSION**

We have considered Canteen's remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court with respect to Canteen.

9