17-2485-cv
*Brown v. Whitaker*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge*,
    PETER W. HALL,
    GERARD E. LYNCH,
        *Circuit Judges.*

ROMAIN CHEVAUN BROWN,

            *Petitioner*,

    v.                                                                  No. 17-2485-cv

MATTHEW G. WHITAKER,
Acting United States Attorney General,

            *Respondent*.

| | |
|---|---|
| For Petitioner: | Nicholas J. Phillips, Prisoners' Legal Services of New York, Albany, NY. |
| For Respondent: | Sarah Byrd, Joseph H. Hunt, and Lindsay Glauner, U.S. Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this petition for review of a Board of Immigration Appeals decision is **DENIED**.

Romain Chevaun Brown seeks review of a July 13, 2017 decision of the Board of Immigration Appeals ("BIA") affirming an earlier decision of an Immigration Judge concluding that his conviction for attempted second-degree robbery in violation of New York Penal Law ("NYPL") Sections 110.00 and 160.10 renders him removable for an aggravated felony crime of violence as defined in 18 U.S.C. § 16(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

Brown argues that the force sufficient to establish the New York robbery crime of which he was convicted falls well short of the "*violent* force . . . capable of causing physical pain or injury" required to satisfy the elements clause of § 16(a). *Johnson v. United States*, 559 U.S. 133, 140 (2010). Brown's argument, however, is foreclosed by this Court's recent decision in *United States v. Pereira-Gomez*, 903 F.3d 155 (2d Cir. 2018), *cert. petition docketed*, No. 18-6972 (U.S. Dec. 11, 2018). There, after considering *Johnson*, a panel of this Court stated that all degrees of New York robbery and attempted robbery qualify as crimes of violence under the November 1, 2014 edition of the U.S. Sentencing Guidelines. *Id.* at 166. That Guideline and § 16(a) use nearly identical language to describe the violence component. *Compare* 18 U.S.C. § 16(a) (defining a crime of violence to include "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"), *with* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (Nov. 1, 2014) (defining a crime of violence to include any state law offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). Accordingly, because Brown's conviction for attempted second-degree robbery under NYPL Sections 110.00 and 160.10 necessarily included the use of violent force as an element, it

2

categorically constitutes an aggravated felony crime of violence as defined in 18 U.S.C. § 16(a), and the agency did not err in denying Brown's motion to terminate his removal proceedings.

We have considered all of Brown's remaining contentions and have found in them no basis for granting his petition. Therefore, Brown's petition for review is **DENIED**, any stay of removal that the Court previously granted is **VACATED**, and any pending motion for a stay of removal is **DISMISSED** as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk