17-3325-pr
*Boone v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand nineteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> **Circuit Judges.**

---

HENRY LUCIFER BOONE,

> *Movant-Appellant*,

> v.                                                                 No. 17-3325-pr

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*\*

---

| | |
|---|---|
| Appearing for *Movant-Appellant*: | David E. Patton, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY. |
| Appearing for *Respondent-Appellee*: | Patrick Egan, Daniel B. Tehrani, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

---

\* The Clerk of Court is respectfully requested to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on September 19, 2017, is **AFFIRMED**.

Henry Lucifer Boone appeals from a September 19, 2017 order denying his second and successive motion under 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Boone argues that his prior New York convictions for second-degree robbery, in violation of N.Y. Penal Law § 160.10(1), and attempted second-degree robbery, in violation of N.Y. Penal Law §§ 160.10(1) and 110, do not qualify as "violent felonies" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). We review de novo whether the offenses of New York robbery and attempted robbery in the second degree qualify as ACCA "violent felonies." *See United States v. Brown*, 629 F.3d 290, 294 (2d Cir. 2011) (per curiam).

Boone's arguments are foreclosed by the Supreme Court's recent decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), and our decisions in *United States v. Pereira-Gomez*, 903 F.3d 155 (2d Cir. 2018), and *United States v. Thrower*, __ F.3d __, 2019 WL 385652 (2d Cir. Jan. 31, 2019) (per curiam). In *Stokeling*, the Supreme Court explained that "the term 'physical force' in ACCA encompasses the degree of force necessary to commit common-law robbery," i.e., "the amount of force necessary to overcome a victim's resistance." *Stokeling*, 139 S. Ct. at 555. In *Thrower*, we held that New York robbery in the first and third degree, "which like every degree of robbery in New York require[] the common law element of 'forcibile stealing,'" were "violent felonies" under ACCA. *Thrower*, 2019 WL 385652, at *4. We further held that attempted third-degree robbery in New York qualifies as a "violent felony" under ACCA. *Id.* at *4–5. Finally, in *Pereira-Gomez*, we held that all degrees of robbery, including attempted robbery, under New York law qualify as "crimes of violence" under the 2014

2

Sentencing Guidelines' nearly identical force clause. *Pereira-Gomez*, 903 F.3d at 166; *compare* U.S.S.G. § 2L1.2 cmt. n.1(b)(iii) (U.S. Sentencing Comm'n 2014), *with* 18 U.S.C. § 924(e)(2)(B)(i).

Given these decisions, Boone can no longer maintain that his convictions for second-degree and attempted second-degree robbery under New York law do not qualify as ACCA predicates.[1] *See, e.g.*, *Coleman v. United States*, No. 17-2189, 2019 WL 259428, at *1 (2d Cir. Jan. 18, 2019) (summary order).

We have considered Boone's remaining arguments and find them to be without merit. The order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Accordingly, we need not, and do not, reach the Government's arguments that Boone's claim is procedurally barred.