18-1337-cr
*United States v. Wiggins*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
                GERARD E. LYNCH,
                CHRISTOPHER F. DRONEY,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

           *Appellee,*                        18-1337-cr

        v.

ANTHONY WIGGINS,

           *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | KEVIN TROWEL, Assistant United States Attorney (Elizabeth Macchiaverna, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | ALLEGRA GLASHAUSSER, Federal Defenders of New York, Inc., New York, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 2, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Anthony Wiggins ("Wiggins") appeals from a judgment of the District Court convicting him, after a jury trial, of being a felon-in-possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The District Court sentenced Wiggins principally to 78 months' imprisonment and three years of supervised release. Wiggins contends that his conviction should be vacated because the District Court erred when it: (1) authorized a second search warrant of his cellphone that allegedly lacked sufficient probable cause; (2) admitted into evidence certain text messages obtained pursuant to the challenged warrant; and (3) prevented Wiggins from introducing certain exhibits at trial. Wiggins also argues that the District Court erred in considering his prior third-degree New York robbery conviction a "crime of violence" for purposes of § 2K2.1 of the United States Sentencing Guidelines ("U.S.S.G."). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

### I. Constitutional Challenge to the Text Messages' Admission

Wiggins argues on appeal that the District Court erred in authorizing a second search warrant ("February Search Warrant") for his cellphone that allegedly lacked probable cause. Wiggins may challenge the alleged unlawful search only insofar as it resulted in evidence that was used against him. *See United States v. Thomas*, 788 F.3d 345, 350 (2d Cir. 2015) (reviewing denial of motion to suppress evidence). Here, that evidence, which the District Court refused to suppress, consists of certain text-message conversations that took place on June 26, 2017. We review the District Court's denial of Wiggins's suppression motion for "clear error as to [its] findings of historical facts, but *de novo* as to ultimate legal conclusions, such as the existence of probable cause." *Id.* at 349.

On review, we hold that the District Court did not err in denying Wiggins's motion to suppress the text messages. Even assuming, for the sake of argument only, that the February Search Warrant did not establish probable cause that evidence of a crime could be found in Wiggins's cellphone, we conclude that the good faith exception to the Fourth Amendment's exclusionary rule applies to the circumstances presented in this case.[1]

---

[1] Wiggins correctly asserts that the Government failed to make a good-faith argument below. As a threshold matter, it is unclear that the Government had an adequate opportunity to make the argument under the circumstances of this case, where the District Court considered the parties' arguments concerning the existence of probable cause in a pre-trial hearing *prior* to authorizing the

The arguable absence of probable cause does not mean that the text messages should have been suppressed. The exclusion of evidence is justified only "when the police 'exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights.'" *United States v. Raymonda*, 780 F.3d 105, 117–18 (quoting *United States v. Stokes*, 733 F.3d 438, 443 (2d Cir. 2013)); *accord Herring v. United States*, 555 U.S. 135, 141 (2009). By the same token, "when police act with 'an objectively reasonable good-faith belief that their conduct is lawful,' or when their conduct involves only 'simple, isolated negligence,' exclusion simply 'cannot pay its way.'" *Raymonda*, 780 F.3d at 118 (quoting *Davis v. United States*, 564 U.S. 229, 238 (2011)).

Where, as here, evidence is obtained by police officers executing the search "in objectively reasonable reliance" on a warrant, the good faith exception to the exclusionary rule applies. *Id.* (quoting *United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008)). Notably, the District Court considered Wiggins's objections to the second cellphone search *prior* to authorizing the search and rejected those objections when it issued the warrant. Regardless of whether Wiggins's objections had merit or not, in the circumstances presented here the police officers had no reason to "question the [District Court's] probable-cause determination," a *legal* conclusion. *United States v. Leon*, 468 U.S. 897, 921 (1984). More specifically, Wiggins failed to show that this is a case where: (1) the district judge was "knowingly misled"; (2) the district judge "wholly abandoned his . . . judicial role"; (3) "the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable"; and (4) "the warrant is so facially deficient that reliance upon it is unreasonable." *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011) (internal quotation marks omitted). Accordingly, this is not a case involving deliberate police misconduct, recklessness, or gross negligence that warrants the exclusion of the text messages obtained in the second search.

In sum, because the police officers had reason to believe that they obtained a valid warrant from the District Court, which was issued after due consideration of Wiggins's legal objections, and because the police officers executed the warrant in good faith, "there is no conscious violation of the Fourth Amendment, 'and thus nothing to deter.'" *Raymonda*, 780 F.3d at 118 (quoting *Leon*, 468 U.S. at 921); *cf. Falso*, 544 F.3d at 129 (rejecting argument that police officers acted unreasonably

---

search warrant. In any event, "because our waiver doctrine is prudential, not jurisdictional, we have discretion to consider waived arguments, and we have exercised this discretion" in circumstances where "the argument presents a question of law and there is no need for additional fact-finding." *Mazzei v. Money Store*, 829 F.3d 260, 266 n.5 (2d Cir. 2016) (internal quotation marks and citation omitted). Since the parties do not dispute the pertinent facts and the applicability of the good faith exception to the exclusionary rule presents a legal question, *see United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015) (explaining that "the good faith of officers relying on a search warrant" is a "legal determination[ ]" subject to *de novo* review), we consider the Government's alternative argument on appeal.

where "the error . . .was committed by the district court in issuing the warrant, not by the officers who executed it").

## II. Evidentiary Challenges

Wiggins also challenges certain evidentiary rulings by the District Court: (1) the admission of the June 26, 2017 text messages; and (2) the exclusion of the sweatpants that Wiggins allegedly was wearing when arrested, the police recordings of his arrest, and a summary of the recordings.

We review the District Court's evidentiary rulings "deferentially" and will reverse them "only for abuse of discretion[,] which we will identify only if the ruling was arbitrary and irrational." *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010) (internal quotation marks and citations omitted). Where we find an abuse of discretion, "vacatur is required unless we are 'convinced that the error was harmless beyond a reasonable doubt.'" *United States v. Mejia*, 545 F.3d 179, 199 (2d Cir. 2008) (quoting *United States v. Reifler*, 446 F.3d 65, 87 (2d Cir. 2006)). In determining the erroneous exclusion of evidence proffered by a criminal defendant was harmless, we have considered the following factors: "(1) the importance of . . . unrebutted assertions to the government's case; (2) whether the excluded material was cumulative; (3) the presence or absence of evidence corroborating or contradicting the government's case on the factual questions at issue; (4) the extent to which the defendant was otherwise permitted to advance the defense; and (5) the overall strength of the prosecution's case." *United States v. Gupta*, 747 F.3d 111, 133–34 (2d Cir. 2014) (quoting *United States v. Oluwanisola*, 605 F.3d 124, 134 (2d Cir. 2010).

### A. The Admission of the June 26, 2017 Text Messages

Wiggins argues on appeal that the text messages should have been excluded because they relate to uncharged, serious crimes and were more prejudicial than probative. On review, in light of the relevance and probative value of showing that Wiggins had access to a firearm and a motive to possess one, we hold that the District Court did not abuse its discretion in admitting the text messages.

Wiggins's principal defense at trial was that the loaded revolver found at the time of his arrest was not his and likely belonged to one of the members of the gang that operated in the area. The text messages tend to show, among other things, that Wiggins had access to a firearm as recently as a "few weeks" before his arrest and that he had used it to threaten someone in connection with a dispute over money. Wiggins App. at 161. As a result, it was neither "arbitrary" nor "irrational" for the District Court to conclude that the text messages made Wiggins's charged possession of a firearm more probable and showed opportunity and motive to possess the gun found when he was arrested. *Abu-Jihaad*, 630 F.3d at 131.

4

For that reason, Wiggins's reliance on *United States v. Williams*, 585 F.3d 703, 708 (2d Cir. 2009) is misplaced. Unlike *Williams*—where we held that contraband evidence consisting of a "parade of guns and photographs" showing drugs, cash, and drug paraphernalia should have been excluded because the "Government's only use . . . was to argue that it illuminated [the defendant's] character," *id.* at 709–10—the Government in this case properly argued that the text messages demonstrated that Wiggins "had access to a gun and . . . had a motive to be carrying that gun," Government App. at 73, and did not focus on Wiggins's propensity to carry firearms or his bad character. *See United States v. Barlow*, No. 09-CR-580 (JFB), 2010 WL 4878961, at *5 (E.D.N.Y. Nov. 23, 2010) (Bianco, J.) (distinguishing *Williams* on similar grounds).

Similarly, the District Court's analysis under Rule 403, which is entitled to considerable deference on appeal, was neither "arbitrary" nor "irrational." *Abu-Jihaad*, 630 F.3d at 131. Indeed, the evidence showing access to a firearm and "his motive for possessing the loaded gun" is "highly probative" on the disputed issue of whether Wiggins possessed the firearm found near him at the time of his arrest. *Barlow*, 2010 WL 4878961, at *4. Therefore, the District Court did not abuse its discretion in admitting the text messages as evidence at trial.

### B. The Exclusion of Wiggins's Proposed Exhibits

Wiggins also argues on appeal that the District Court erred in excluding the sweatpants, the police recording of his arrest, and the recordings' written summary. The Government asserts that these exhibits were properly excluded because Wiggins failed to properly authenticate this physical evidence.

With respect to the exclusion of the sweatpants, we conclude that, even assuming, for the sake of argument only, that the District Court mistakenly excluded that item, any such error would have been harmless in light of the strength of the Government's case. *See United States v. Stewart*, 907 F.3d 677, 689 (2d Cir. 2018) ("We have repeatedly held that the strength of the government's case is the most critical factor in assessing whether error was harmless.") (internal citation omitted).

With respect to the police recordings and their written summary, we note that it is unclear from the trial record what their purpose would have been or what, if anything, Wiggins offered to lay a foundation for. On appeal, Wiggins states that he had no intention to use these exhibits to impeach the officers' testimony, *see* Wiggins Br. at 52, and that, instead, he was planning to use these exhibits only "to show the length of the chase and [his] arrest," Wiggins Reply Br. at 17. Presumably, by Wiggins's own admission, these exhibits only would have corroborated the officers' proffered testimony to that effect. As such, the District Court's exclusion of cumulative evidence was "within the range of permissible decisions," *United States v. Scully*, 877 F.3d 464, 474 (2d Cir. 2017) (internal quotation marks omitted), and was not an abuse of discretion. Even if erroneous, their exclusion would have been harmless. *Cf. Mejia*, 545 F.3d at 201 (holding that "erroneously admitted testimony was cumulative, and its admission was harmless").

### III. Procedural Challenge to Sentence

Lastly, Wiggins argues that his prior third-degree New York robbery conviction is not a "crime of violence" under U.S.S.G. § 2K2.1. But as Wiggins concedes on appeal, that argument is foreclosed by our decision in *United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018). Accordingly, Wiggins's procedural challenge fails as a matter of law.

### CONCLUSION

We have reviewed all of the remaining arguments raised by Wiggins on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 2, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court